IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LAJOTNEY GRANDVILLE,<br>VIVIAN SMITH, and RUTH SOUTH,<br><br>Plaintiffs,<br><br>vs.<br><br>MID-SOUTH PETROLEUM, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  7:10-CV-02484-LSC<br>)<br>)<br>) |

MEMORANDUM OF OPINION

I.    Introduction.

Pending is a motion to compel arbitration of Plaintiffs' claims and to stay the proceedings, filed by the Defendants on November 17, 2010. (Doc. 17.) Also pending is Defendants' motion to compel arbitration of opt-in plaintiff Jennifer Curry's claims. (Doc. 25.) Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. As Defendants' former employees, Plaintiffs allege that Defendants failed to pay minimum wage and overtime. Defendants filed the present motions contending that Plaintiffs signed employment agreements promising to arbitrate any dispute

arising out of their employment, which the Federal Arbitration Act ("FAA") enforces.  9 U.S.C. § 1 *et seq*.  The issues raised in Defendants' motion are now ripe for decision.  After considering the presented legal arguments and evidence, the motions are due to be granted.

II.    Facts.[1]

Defendant Mid-South Petroleum Corporation ("Mid-South") distributes motor fuel throughout Alabama and Mississippi.  Mid-South owns a single-member limited liability company, Defendant Midstates Petroleum Company.  As part of its fuel distribution business, Mid-South Petroleum operates a chain of convenience stores, for which Mid-South still uses the name "Mac's Minit Mart, Inc." (Doc. 23-2 at 1.)  Mid-South changed its legal name from Mac's Minit Mart, Inc. ("Minit Mart") in 2006.

In 2009-2010, Plaintiffs initialed and signed an "Employee Rules and Agreement" form, "[a]s an employee of Mac's Minit Mart."  (Doc. 23-3 at 1.)  Plaintiffs opened the convenience stores, stocked the shelves, ran the cash registers, and closed the stores.  In the Employee Rules and Agreement Form

---

[1]Unless otherwise indicated, the facts are taken from the briefing (Docs. 18, 22, 23, 28, and 29) and the attached affidavits and exhibits, along with the Plaintiffs' first amended complaint.  (Doc. 11.)

("agreement" or "contract") each Plaintiff agreed "to submit any dispute, controversy or claim of any kind and character whatsoever . . . arising out of or related to this Agreement or the terms of my employment . . . exclusively to final and binding arbitration before a neutral arbitrator." (Doc. 23-3 at 3.)  The agreement continues, explaining arbitrator selection and adopting the Model Employment Arbitration Procedures of the American Arbitration Association as the applicable law.  The agreement also requires an employee to request arbitration within one year of any disputed event.  The agreement provides that "[o]nly the arbitrator, not a judge or jury, will decide the dispute."  (Doc. 23-3 at 4 (emphasis omitted).)

On September 14, 2010, Plaintiffs brought this suit against Defendants Mid South, Minit Mart, and Midstates Petroleum Company, LLC, alleging that all fall within the FLSA's definition of "employer." (Doc. 11 at 5.)  Plaintiffs also brought suit against Defendant Mayers and Company, P.C., because it is an "employer" as well and was the site of "[c]ertain business practices, such as payment of wages and various meetings."  (Doc. 11 at 5.)  And Plaintiffs brought suit against Richard M. Mayers, and Lanita Mayers, as owners and operators of all the enterprises.

III.     Standard.

"[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate." *Allied-Bruce Terminix Comp., Inc. v. Dobson*, 513 U.S. 265, 270 (1995).  The FAA thus places arbitration agreements "upon the same footing as other contracts." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974).

The FAA applies to all "contract[s] evidencing a transaction involving commerce."  9 U.S.C. § 2.  Thus, "claims [that arise] under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1312 (11th Cir. 2002).  These agreements are then "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract."  9 U.S.C. § 2.  Mindful of this "federal policy favoring arbitration," courts apply state law to determine enforceability. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005).  As a result of the FAA, "compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal

statutes, including employment-discrimination statutes." *Id.* at 1367.

IV. Analysis.

Plaintiffs "concede that the purported 'agreements' at issue affect interstate commerce." (Doc. 22 at 8.) Because the arbitration provision in Defendants' employee contract requires Plaintiffs "to submit to arbitration an existing controversy arising out of such a contract" and because the agreements affect interstate commerce, Defendants' arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law." 9 U.S.C. § 2. Plaintiffs must present evidence showing that Alabama law renders Defendants' agreement invalid. *Allied Williams Comp., Inc. v. Davis*, 901 So. 2d 696, 698 (Ala. 2004).

Plaintiffs contend that the agreements are unenforceable for two reasons:[2] First, Minit Mart did not exist as an entity at the agreement's signing and lacked capacity to contract and, second, illegality renders the

---

[2]Plaintiffs also make two other arguments that are now moot. Plaintiffs first argue that Defendants have not "argued or demonstrated that the 'agreements' were entered into by an agent of the corporation with the corporation's blessing." (Doc. 22 at 15.) Defendants attach affidavits to their reply attesting that Stephanie Weeks signed the agreements on Defendants' behalf. (Doc. 23-1 at 1-2.) And second, Plaintiffs argue that Defendants provided no evidence that Plaintiff Curry signed an agreement. (Doc. 22 at 17.) Defendants attached a copy of Curry's signed employment agreement to their reply. (Doc. 23-3.)

agreement void.  (Doc. 22 at 15.)  Alternatively, Plaintiffs assume enforceability, arguing that "[o]nly one Defendant is a party to the arbitration 'agreements,'" because one Defendant signed the agreement, Mini Mart  (Doc. 22 at 9.) Addressing the first contention, Defendants attest that Stephanie Weeks signed the agreements on behalf of Mid South, which does business under the trade name Mac's Minit Mart, Inc.  (Doc. 23-1 at 1-2.)  Plaintiffs provide no evidence to counter the affidavits.  Weeks thus had authority to bind Mid-South.  The Court addresses Plaintiffs' final two arguments as follows.

    A.    Illegality.

Plaintiffs contend that the FLSA's two or three year statute of limitations renders the agreement unenforceable, because the agreement specifies a one year limit.  Defendants argue that "even if the objected-to language is invalid, it is severable, and arbitration is warranted under the remaining, valid provisions of the parties' agreement."  (Doc. 23 at 4.)

Parties cannot abridge FLSA rights by agreement.  *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981).  The FLSA provides a plaintiff with two years to bring a claim or three years if the claim arises

from a willful violation.  29 U.S.C. § 255(a).  The agreement requires the employee to request arbitration within one year of an event or waive the right to raise the claim.  (Doc. 23-3 at 3.)  The agreement abridges Plaintiffs' FLSA rights; the one-year limitation is void.

But the void provision does not render the entire agreement void, even though the agreement contains no clause severing the void one-year limitation from the rest of it.  In Alabama, courts "will excise void or illegal provisions in a contract, even in the *absence* of a severability clause." *Sloan Southern Homes, LLC v. McQueen*, 955 So. 2d 401, 404 (Ala. 2006).  Courts do this under the "general duty of the court to preserve so much of a contract as may properly survive its invalid and ineffective provisions." *Anders v. Hometown Mortgage Servs., Inc.*, 346 F.3d 1024, 1032 (11th Cir. 2003). Without the one year limitation, the parties' agreement remains a viable contract, specifying arbitration for all claims arising out of Plaintiffs' employment and providing the applicable standards.

B.   Non-Signatories.

Plaintiffs assert that, because many Defendants have not signed the agreements, no contract exists between Plaintiffs and Defendants Richard

M. Mayers, Lanita Mayers, Mid South, Midstates Petroleum Company, LLC, and Mayers and Company, P.C. But "certain limited exceptions, such as equitable estoppel, [] allow nonsignatories to a contract to compel arbitration." *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757 (11th Cir. 1993). Equitable estoppel would prevent Plaintiffs from contesting the non-signatory Defendants' standing to invoke the agreement. *Id.* Equitable estoppel allows "one who is not a party, as to a particular contract, [to] enforce an arbitration provision within that same contract," if the non-signatory meets two elements. *Ex parte Stamey*, 776 So. 2d 85, 89 (Ala. 2000). First, the language in the agreement must be broad enough to arbitrate claims against non-parties. *Id.*

As the agreement provides, each Plaintiff promised "to submit any dispute, controversy or claim of any kind and character whatsoever . . . arising out of or related to this Agreement or the terms of my employment . . . exclusively to final and binding arbitration before a neutral arbitrator." (Doc. 23-3 at 3.) This provision requires arbitration for all disputes and claims "related to . . . the terms of [their] employment," not just those between Plaintiffs and Minit Mart. (Doc. 23-3 at 3.) The current dispute

involves claims against Defendants, Plaintiffs' employers who allegedly failed to pay them overtime and minimum wage in return for their work. The arbitration clause covers the Plaintiffs' presented claims.

Second, the claims made against the non-party must be "intimately founded in and intertwined with the claims made against a party that is a signatory to the contract." *Id.* at 89. The claims are. Plaintiffs do not distinguish between Defendants. For example, Plaintiffs allege that they "are former non-exempt hourly employees of Defendants." (Doc. 11 at 2.) Plaintiffs moreover assert all their claims against Defendants as a group: "Defendants have willfully engaged in a pattern and practice . . . . Defendants have intentionally failed . . . . Defendants have been aware . . . . Defendants have intentionally and repeatedly engaged . . . ." (Doc. 11 at 2, 15.) Plaintiffs suggest that Defendants should remain separate for the agreement and together for liability.

According to their complaint, Plaintiffs consider all Defendants their employers; the agreement covers all disputes related to the terms of Plaintiffs' employment. Plaintiffs are thus equitably estopped from contesting the non-signatory Defendants' standing to enforce the

agreement.

    C.    Class Action Availability.

Defendants also contend that Plaintiffs' claims should proceed to arbitration individually rather than as a class action, despite the lack of a class action waiver in the agreement. (Doc. 23 at 9.) Plaintiffs disagree. But "a court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Anders*, 346 F.3d at 1032-33. In supplemental briefing, both parties agreed that an arbitrator should decide this issue. (Doc. 29 at 2; Doc. 28 at 2.) The Court agrees.

V.    Conclusion.

For the above-stated reasons, Defendants' motion to compel arbitration and to stay the proceedings is GRANTED. (Doc. 17; Doc. 25.) This case is hereby STAYED pending the arbitration panel's decision. Within seven days of that decision, the parties must file a joint status report. A separate order will be entered.

Done this 1st day of March 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890